**FILED**
**Apr 05, 2019**
**02:18 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **MICHAEL KASSMIEH,** | ) | **Docket No.: 2018-05-1079** |
| Employee, | ) | |
| **v.** | ) | |
| | ) | |
| **NEIS, INC.,** | ) | **State File No.: 54818-2017** |
| Employer, | ) | |
| **And** | ) | |
| | ) | |
| **NAT'L UNION FIRE INS. CO.** | ) | **Judge Robert Durham** |
| **OF PITTSBURG, PA,** | ) | |
| Insurer. | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This case came before the Court for an Expedited Hearing on March 29, 2019. The issues are whether Mr. Kassmieh provided sufficient medical proof to establish that his complaints of facial pain, headaches, and tinnitus were caused by his employment, and if so, to which benefits is he entitled. The Court holds Mr. Kassmieh is unlikely to succeed at trial in establishing medical causation and thus denies his request for benefits.

### History of Claim

Mr. Kassmieh was working as an auditor for NEIS on July 19, 2017, when he slammed the right side of his head into a glass door while attempting to enter a client's building. He did not lose consciousness but experienced immediate pain. He went home, contacted his supervisor, and then took pictures of his face, which showed significant bruising and swelling around his right eye, right cheek and lips. Due to continued pain, Mr. Kassmieh went to the emergency room five days later and underwent a CT scan of his head that was negative.

NEIS accepted the claim as compensable and provided Mr. Kassmieh with a panel of neurologists from which he chose Dr. Garrison Strickland. After evaluation, Dr. Strickland diagnosed a traumatic head injury and ordered a brain MRI, which only

revealed chronic sinusitis. He prescribed medication and kept Mr. Kassmieh off work for one week.

At his next visit, Mr. Kassmieh complained of severe right-eye pain, particularly in bright light or when working on a computer. Dr. Strickland referred him to an ophthalmologist for the eye pain, and NEIS duly provided a panel from which Mr. Kassmieh chose Dr. James Loden. Dr. Loden found unrelated cataracts and indicated Mr. Kassmieh should continue treating with a neurologist for his pain.

Mr. Kassmieh then returned to Dr. Strickland, who concluded that he did not have any further treatment to offer. According to his notes, Mr. Kassmieh was "quite unhappy" with the situation. Dr. Strickland recommended that he see another neurologist and did not schedule him for follow-up.

NEIS then authorized another neurologist from the original panel, Dr. Steve Graham, to provide care. Dr. Graham noted on December 18 that Mr. Kassmieh complained of continued right-sided headaches as well as a persistent burning, aching sensation from his right eye to his right ear that significantly worsened with reading or computer use. His impression was "persistent post-traumatic headache . . . with a normal neurological examination." He prescribed Gabapentin and stated he could return to work full duty.

When Mr. Kassmieh returned, he told Dr. Graham that his headache improved but he had not returned to full duty because of eye pain. Dr. Graham noted Mr. Kassmieh's ophthalmologist did not observe any abnormalities that explained the eye pain, but he nevertheless recommended a follow-up due to continued complaints. However, from a neurological standpoint, he determined there were no long-term neurological deficits and Mr. Kassmieh was at maximum medical improvement. He again recommended full duty with no restrictions. Subsequently, there was some dispute as to whether Mr. Kassmieh was taking his medication as prescribed, and Dr. Graham did not schedule any further appointments.

Mr. Kassmieh then began treating with an unauthorized neurologist, Dr. Joy Derwenskus. She ordered another MRI, and the report noted small areas of signal change that were non-specific and "can occur in the setting of headaches/migraines." In her notes, Dr. Derwenskus observed that Mr. Kassmieh complained of persistent right-eye problems as well as tinnitus in his right ear. She reviewed the MRI and found it revealed sinus changes and one possible "enhancement" in the brain that could merit additional study. In her last note included in the record, Dr. Derwenskus increased Mr. Kassmieh's medication and recommended a repeat MRI.

On February 1, 2019, Mr. Kassmieh saw an ear-nose-throat specialist, Dr. Brannon Mangus. Dr. Mangus reviewed the repeat MRI ordered by Dr. Derwenskus and

2

noted it did not reveal any acute abnormality other than chronic sinusitis, which he did not feel was responsible for Mr. Kassmieh's complaints.

Mr. Kassmieh returned to Dr. Graham on February 4 for an evaluation at NEIS' request. Dr. Graham noted a clinically normal neurological examination. He concluded that Mr. Kassmieh's subjective complaints were "far out of proportion" to the "very minor head injury" he suffered in July 2017. He further stated that, from a neurological standpoint, no additional medications or treatments were indicated and Mr. Kassmieh did not have any restrictions.

Finally, Mr. Kassmieh testified that he never suffered from headaches or facial pain before hitting his head. He also stated that he was an exemplary employee for NEIS, but his pain forced him to significantly reduce his work hours.

### Findings of Fact and Conclusions of Law

Mr. Kassmieh does not have to prove every element of his claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, he must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The primary issue is causation. NEIS does not dispute that Mr. Kassmieh sustained a work injury on July 19, 2017. However, it contends that he did not show that he is likely to prove that his complaints of headaches, facial pain and tinnitus arose primarily from that injury. To do that, he must establish "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Reasonable degree of medical certainty means "it is more likely than not considering all causes, as opposed to speculation or uncertainty." *See* Tenn. Code Ann. § 50-6-102(14). Thus, causation must be established by expert medical testimony, and it must be by more than "speculation or possibility" on the part of the doctor. *Id.*

Here, only Dr. Graham specifically addressed this issue, who stated that Mr. Kassmieh's complaints were far out of proportion to his "very minor head injury." Further, he did not believe the injury warranted further treatment, medication or restrictions from a neurological standpoint. As an authorized physician, Dr. Graham's opinions are given a presumption of correctness that can only be rebutted by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(12)(A)(ii). Mr. Kassmieh did not provide any doctor's opinion that the complaints for which he is currently seeking treatment were actually caused by his accident. Thus, the medical evidence at this stage fails to establish the likelihood of proving his current complaints are causally related to his accident.

However, given that Mr. Kassmieh suffered a work-related injury, he is entitled to treatment for any conditions stemming from that injury, which NEIS shall continue to provide. Since Mr. Kassmieh did not establish the likelihood of prevailing on causation for any of the complaints he submits are disabling, it is unnecessary for the Court to address temporary disability benefits at this time.

IT IS, THEREFORE, ORDERED that:

1. Mr. Kassmieh's request for medical treatment for headache and pain from his right eye to his right ear and tinnitus in his right hear is denied at this time. However, NEIS shall provide reasonable and necessary treatment for any conditions arising primarily from his work injury.

2. Mr. Kassmieh's request for disability benefits is denied at this time.

3. This matter is set for a Scheduling Hearing on May 15, 2019, at 1:30 p.m. C.S.T. The parties or their counsel must call 615-253-0010 or toll-free at 855-689-9049 to participate in the hearing. Failure to call may result in a determination of the issues without your participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED THIS THE 5th DAY OF APRIL, 2019.**

Robert V. Durham, Judge
**Court of Workers' Compensation Claims**

4

# APPENDIX

## Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Notice of Expedited Hearing
5. NEIS' position statement

## Exhibits

1. Medical records of Dr. Mangus
2. Medical record of Dr. Woods
3. Photographs
4. Wage statement
5. Mr. Kassmieh's affidavit
6. Medical records of Drs. Graham, Strickland and Loden; C-42 panels
7. Medical records of Dr. Derwenskus
8. Photographs
9. MRI report

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on April 5, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Michael Kassmieh | X | | X | 3101 Lancelot Drive, Murfreesboro, TN 37127 Mkas2734@gmail.com |
| Catherine Dugan | | | X | cate@petersonwhite.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

    ☐ Temporary disability benefits
    ☐ Medical benefits for current injury
    ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| | | | | |
|---|---|---|---|---|
| Groceries | $ _____ per month | | Telephone | $ _____ per month |
| Electricity | $ _____ per month | | School Supplies | $ _____ per month |
| Water | $ _____ per month | | Clothing | $ _____ per month |
| Gas | $ _____ per month | | Child Care | $ _____ per month |
| Transportation | $ _____ per month | | Child Support | $ _____ per month |
| Car | $ _____ per month | | | |
| Other | $ _____ per month (describe: _____ ) | | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                RDA 11082